IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT O. EZEIRUAKU, *doing business as* SABA PRODUCTS,<br><br>    Plaintiff,<br><br>    v.<br><br>DAN BULL, *INDIVIDUALLY AND POLICE, AS AN OFFICER OF THE LONDON POLICE*, et al.,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-2567 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action concerning the police seizure of $80,000 in undisclosed U.S. currency in London's Heathrow International Airport, pro se Plaintiff Vincent O. Ezeiruaku (hereinafter, "Plaintiff") moves for reconsideration of the Court's November 3, 2014 Opinion and Order dismissing his Complaint for lack of subject matter jurisdiction. [Docket Item 11.] The Court finds as follows:

1. Plaintiff filed the initial Complaint in this action on April 22, 2014. (Pl.'s Compl. [Docket Item 1].) Defendants thereafter moved to dismiss on the basis that the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330 (hereinafter, the "FSIA"), immunized Defendants the "London Police" and two of its officers, Dan Bull and David March (hereinafter, "Defendants") from suit as instrumentalities of the United Kingdom, a foreign

sovereign[.]" (Defs.' Br. [Docket Item 5-1], 3-4, 9-10 (citation omitted).)

2. On November 3, 2014, the Court found that the FSIA conferred such immunity, and further concluded that Plaintiff's allegations fail to fall within the commercial activity, expropriation, and tortious activity exceptions to FSIA immunity. Ezeiruaku v. Bull, No. 14-2567, 2014 WL 5587404, at *3-*7 (D.N.J. Nov. 3, 2014). The Court, accordingly, dismissed Plaintiff's Complaint for lack of subject matter jurisdiction. Id.

3. In the pending motion, Plaintiff argues, in a one-page submission, that the Court's November 3, 2014 Opinion requires reconsideration, because Defendants conducted "a commercial activity" by "deposit[ing] [his] money into an [i]nterest bearing account," and profiting from the entire "ordeal" alleged in Plaintiff's Complaint. (Pl.'s Br. [Docket Item 11], 1.) Defendants, however, assert that Plaintiff merely "restates the law and the arguments set forth in his Opposition to [Defendants'] motion to dismiss," and, accordingly, argue that Plaintiff's motion must be denied.[1] (Defs.' Opp'n [Docket Item 12], 2.)

---

[1] Defendants also oppose Plaintiff's motion on timeliness grounds. (Defs.' Opp'n [Docket Item 12], 1.) The Court, however, rejects Defendants' argument. Rather, because Plaintiff received electronic service of the Court's November 3,

4.   Local Civil Rule 7.1(i) provides that a party moving for reconsideration must set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its prior decision.  L. Civ. R. 7.1(i).  "As such, a party seeking reconsideration must satisfy a high burden, and must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice."  Altana Pharma AG v. Teva Pharm. USA, Inc., No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

5.   However, "[m]otions for reconsideration are granted sparingly and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  O.O.C. Apparel, Inc. v. Ross Stores, Inc., No. 04-6409, 2007 WL 869551, at *2 (D.N.J. March 20, 2007) (internal citations omitted).  Moreover, a motion for reconsideration does "not provide the parties with an

---

2014 Opinion and Order, Federal Rule of Civil Procedure 6(d) requires the addition of three days to the fourteen day period set forth by Local Civil Rule 7.1(i).  Plaintiff, accordingly, timely filed his motion for reconsideration on November 19, 2014, sixteen days after the Court's November 3, 2014 decision.

opportunity for a second bite at the apple[,]" Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998), nor "a vehicle to relitigate old matters or argue new matters that could have been raised before the court made its original decision." Manning v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 12-4466, 2013 WL 2285955, at *2 (D.N.J. May 23, 2013) (citing Asset Mgmt., LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001; Tishcio, 16 F. Supp. 2d at 532). Indeed, "[m]ere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process[.]" Schiano v. MBNA Corp., No. 05-1771, 2006 WL 3831225, *2 (D.N.J. Dec. 28, 2006) (internal citations omitted).

6.   Here, Plaintiff's submission does not identify, as required by Local Civil Rule 7.1(i), "an intervening change in controlling law[,]" the presence of new, previously unavailable, evidence, nor "the need to correct a clear error of law or [to] prevent manifest injustice." Altana Pharma AG, 2009 WL 5818836, at *1; see also L. Civ. R. 7.1(i). Rather, Plaintiff merely recapitulates one of his prior arguments concerning the commercial activity exception to FSIA immunity. (Compare Pl.'s Br. [Docket Item 11], with Pl.'s Opp'n [Docket Item 6].)

7.   The Court's November 3, 2014 decision, however, expressly rejected such argument. Indeed, the Court's Opinion

4

explained, at great length, the reasons why the commercial activity exception failed to apply in this instance, and found Defendants' alleged retention of interest and purported profit—the argument identically asserted in support of Plaintiff's request for reconsideration—insufficient to satisfy the direct effect and substantiality requirements of such exception. See Ezeiruaku, 2014 WL 5587404, at *4-*5 (finding Defendants' acts not "commercial in nature or in purpose" and, even if commercial, finding such acts "far too trivial and unsubstantiated" to satisfy the commercial activity exception).

    8.   Plaintiff's disagreement with the Court's evaluation of the commercial activity exception fails to constitute a valid ground for reconsideration and is, in any event, without merit for the reasons stated in the Court's November 3, 2014 Opinion. Plaintiff's motion for reconsideration will, accordingly, be denied.

    9.   An accompanying Order will be entered.

| | |
|---|---|
| **December 16, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |